Frank **PATTERSON**, etc., et al.,
Plaintiffs-Appellants,

v.

Thomas **HOPKINS**, etc., et al.,
Defendants-Appellees.

Janie Lee **FOX**, etc., et al.,
Plaintiffs-Appellants,

v.

Thomas **HOPKINS**, etc., et al.,
Defendants-Appellees.

No. 73-1330.

United States Court of Appeals,
Fifth Circuit.

June 14, 1973.

Robert F. Wood, Douglas L. Tynes, Clarksdale, Miss., Joe A. Cannon, Colorado Springs, Colo., Craig E. Miller, National Juvenile Law Center, St. Louis, Mo., for plaintiffs-appellants.

Shed Hill Roberson, Elzy J. Smith, Clarksdale, Miss., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

This is a § 1983 suit, 42 U.S.C.A. § 1983, on behalf of two juveniles seeking damages and declaratory relief complaining of the facilities of the Coahoma County jail and practices of the authorities in the handling of juveniles. The Trial Judge by a definitive decree (Appendix A) prescribed in detail both the practices and procedures to be followed and the nature and condition of the physical facilities for detention of a juvenile. That decree, the Judge concluded, afforded all the relief reasonably needed. Consequently, he denied any money damages as formally prayed for. And he saw no reason for more extensive constitutional declarations.

Until such time as the facts reveal in the future that the authorities are not carrying out the spirit and letter of the Court's Order (Appendix A), we think this was an acceptable disposition. The District Court is open, of course, to handle questions of full compliance with the Court's Order.

Affirmed.

## APPENDIX A

1. That the Defendants, their agents, employees, and successors in office shall not separate or segregate by race any person held within the Coahoma County Jail and shall not provide separate services or facilities except as is required for Jail security, discipline and good order.

2. Any officer of law has discretion to release a juvenile charged with a felony or misdemeanor (except those charged with any crime, which upon con-

viction, is punishable by life imprisonment or death) to his parent or parents, guardian, or custodian of said child or any other responsible adult who promises the youth will be available for hearing on petition or informal hearing.

3. That no juvenile shall be detained in the Coahoma County Jail unless in the opinion of the Coahoma County Youth Court, such juvenile shall be a child whose habits or conduct are deemed such as to constitute a menace to other persons or it is necessary to insure the attendance of such child at Court. In the event the Judge of the Youth Court is not available for the determination of such temporary detention, then the determination that the youth shall be temporarily detained in the County Jail shall be made only by the Sheriff, the Chief Deputy Sheriff, the Chief of Police, the Assistant Chief of Police, or the Juvenile Officer of the Police Department. Should none of the above be available, then the youth cannot be detained. If detained, there must be a due process hearing within 24 hours of such detention before the Youth Court Judge, excluding weekends, on the sole question of the necessity of detention. Before such hearing, notice must be given to the youth's parents or parent, guardian or custodian and the attorney for the youth.

4. Children detained in the jail shall be provided with a room or ward separate from and not openly visible to adult prisoners; fresh mattresses; bed linens; tooth brush; tooth paste; soap; medical examination within 24 hours of entrance, excluding weekends; a system of immediate contact with jail authorities; and nutritious meals. A matron shall be available to attend to the needs of female children so held. Provision shall be made for the cleaning and/or issuance of clean clothing for children held. Such facility shall be maintained in a clean and sanitary condition.

5. All hearings concerning juveniles (including detention hearings, hearings to determine whether to certify the youth to a criminal court, or hearings to determine whether probation or parole should or should not be revoked) shall be held after proper notice to the youth, his parents or parent, guardian or custodian and to his attorney of record.

6. No youth shall be declared a delinquent unless the proof of the acts charged in the petition shall be proved beyond a reasonable doubt.

7. That the Defendant, Coahoma County Board of Supervisors, if required by the Court, will establish juvenile male and female detention wards on the lower floor of the new wing of the Coahoma County Jail by converting and modifying the last two cells or wards in substantially the following manner:

a) Remove metal bunks and replace same with three single beds.

b) Panel the inside of these two wards to the ceiling on the two sides where bars are located.

c) Cover the bars of these two wards on the outside next to the hallway with plywood or other suitable covering to the ceiling.

d) Install floor covering of linoleum or similar material of Defendant's choice.

e) Remove one of the metal bench and table sets now located in each of the two wards in order to provide recreation room.

f) Provide such additional lighting in each of the two wards as may be necessary.

g) Provide 1-way mirror for the purpose of observing juveniles in the ward.

h) Install room air conditioner in each ward.

i) That Defendant shall have reasonable time to provide the above modifications and changes, taking into consideration the necessity of advertising and accepting bids for materials and labor.