**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20666
Summary Calendar
_____

DANIEL RICHTER,

Plaintiff-Appellant,

versus

MERCHANTS FAST MOTOR LINES, INC.,

Defendant-Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas

_____

March 22, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:

After injuring his back when he slipped and fell, Richter sued employer Merchants Fast Motor Lines ("Merchants") in state court. Merchants removed the case to federal court, where summary judgment was granted. Richter appeals both the removal and the grant of summary judgment. Finding no error, we AFFIRM.

BACKGROUND

Richter, a trucker for Merchants, slipped, fell, and permanently injured his back while fueling his truck at the company pump. Pursuant to remedies provided in a Collective Bargaining Agreement ("CBA") executed by Merchants and the Union of Transportation Employees ("UTE"), Richter received compensation benefits and payment of his medical expenses in connection with his injury. Subsequently, Richter filed a petition in state court alleging negligence and gross negligence. Merchants removed the case to federal court pursuant to 28 U.S.C. §1441 (a), arguing that Richter's Texas cause of action was completely preempted pursuant to §301 of the Labor and Management

Relations Act, (LMRA) 29 U.S.C. §185. The district court found that Richter's claim was properly removed. The court also found that Richter's failure to pursue the grievance procedures mandated by the CBA precluded his state-law suit. There being no material issues of fact, the court granted Merchant's motion for summary judgment as a matter of law.

DISCUSSION

Richter argues that removal was inappropriate because his claim was not preempted by federal law. Removal is appropriate where, although the action was brought in state court, a U.S. district would have had original jurisdiction under either the Constituti on, treaties, or laws of the United States. 28 U.S.C. §1441(a).

The LMRA provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a) (otherwise known as §301 of the LMRA).

Based on Supreme Court precedent, this court has held that this section establishes federal preemption over conflicting state causes of action arising in both contract and tort, and that such preemption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement. *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994); *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1089 (5th Cir. 1991); *Baker v. Farmers Electric*, 34 F.3d 274 (5th Cir. 1994). To determine if adjudicating the claim requires interpreting the terms of a CBA, a court is required first to analyze the elements of the tort at issue. *Jones*, 931 F.2d at 1089. As the lower court held, under Texas law, a cause of action for negligence is premised on the existence of a legal duty, and whether an employer has a legal duty to the employee is a

question of law for the courts. *Greater Houston Transportation Co. v. Phillips*, 801 S.W. 2d 523, 525 (Tex. 1990).

Richter argues that he brought his negligence claim under preexisting Texas workmen's compensation law, and that it was not preempted because it is not substantially dependent upon analysis of the terms of the CBA. The CBA at issue provides the exclusive remedy for settling disputes involving negligence on the part of the Company, and provides that "in any proceeding concerning an injury... sustained in the course of employment... the Company further agrees to waive its common law defenses," thus the application of state law requires interpretation of the collective-bargaining agreement. Moreover, the CBA itself adopts the Texas Workers' Compensation Act in determining the benefits and compensation available to employees, therefore, a decision on Richter's state claim is inextricably intertwined with consideration of the terms of the labor contract. Thus, because Richter's state-law claim is preempted, the lower court did not err in refusing to remand his claim to state court.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file. . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Article 29 of the CBA provides that it be the exclusive means for settling disputes involving on-the-job injuries for employees in Richter's position. The CBA also provides that employees must exhaust the arbitration provisions before pursuing any cause of action within the scope of the agreement, and negligence is specifically described as within that scope. Such clauses are enforceable. *Baker v. Farmers Electric Cooperative, Inc.*, 34 F.3d 274 (5th Cir. 1994). Because Richter did not exhaust his remedies under the CBA, he is therefore precluded from bringing suit. Therefore, because there are no issues of material fact, Merchants is entitled to a judgment as a matter of law. AFFIRMED.

3