IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40557
_____


DANNY CUPIT and BETTY CUPIT,

                                   Plaintiffs-Appellants,


versus


CHARLES WALTS, doing
business as MERCHANTS, INC.;
MERCHANTS FAST MOTOR LINES, INC.;
and GYPSUM TRANSPORT, INC.,


                                   Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

July 22, 1996


Before SMITH, DUHÉ and DeMOSS, Circuit Judges.

PER CURIAM:


     Plaintiffs-Appellants Danny and Betty Cupit, husband and wife,
appeal from the district court's grant of summary judgment in favor
of Defendants-Appellees Walts, Merchants and Gypsum (collectively,
Defendants).  We find the Cupits' appeal unmeritorious, but write
nonetheless to remove any doubt about this Circuit's position on
federal preemption under § 301 of the Labor Management Relations

Act (LMRA),[1] relative to those aspects of the Workers Compensation Law of Texas discussed below.

## I.

### FACTS AND PROCEEDINGS

The basic facts of this case are not disputed. Cupit, a truck driver employed by Gypsum, was represented by the Union of Transportation Employees (UTE) which had entered into a Collective Bargaining Agreement (CBA) with Gypsum. On February 1, 1992, Gypsum became a "nonsubscriber to the Texas Workers Compensation Act." In September 1992, Cupit suffered an injury while in the course and scope of his employment. After reporting his injury, Cupit received and accepted weekly checks from September 21, 1992, until September 18, 1994. Cupit never filed a grievance under the CBA concerning his injury; however, on September 12, 1994, the Cupits filed suit against the Defendants in Texas state court. In that suit Cupit alleged negligence and gross negligence, and his wife alleged a loss of consortium.

The Defendants removed the case to federal district court based on federal preemption of § 301 of the LMRA. In March of 1995, the Defendants filed a motion for summary judgment and their brief in support thereof. The Cupits responded to the Defendants' motion; Gypsum replied; and the district court requested the Cupits to file a supplemental brief.

---

29 U.S.C. § 185.

Some two months after Defendants' summary judgment motion was filed, the district court issued a memorandum opinion and order granting summary judgment. The district court expressed the following conclusion:

> Danny Cupit's negligence and gross negligence claims against Gypsum were waived by UTE when it entered into a collective bargaining agreement with Gypsum that provided the exclusive remedy for compensating employees for on-the-job injuries and resolving disputes regarding the compensation provided. Because of Mr. Cupit's failure to institute a grievance under the provisions of the CBA, he is now barred from asserting negligence and gross negligence claims against Gypsum. Since Mr. Cupit's claims of negligence and gross negligence against Gypsum are barred, Mrs. Cupit's derivative claim for loss of consortium is also barred.

The district court entered judgment that the Cupits take nothing from Gypsum. The court also declined to exercise supplemental jurisdiction over the claims filed against Walts and Merchants Fast Motor Lines. The Cupits timely filed a notice of appeal.

## II.

### ANALYSIS

We review a district court's grant of summary judgment de novo. **Topalian v. Ehrman**, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 113 S. Ct. 82 (1992). Summary judgment under Fed. R. Civ. P. 56(c) is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322

3

(1986).  In this case, the Cupits are not arguing that the summary judgment was inappropriate due to the existence of a factual dispute; rather, they take issue with the district court's legal conclusions.

Pursuant to § 406.002 of the Texas Workers' Compensation Act (TWCA),[2] Gypsum elected not to obtain workers' compensation insurance.  Under § 406.033 of the TWCA, an employer who does not have workers' compensation insurance cannot assert the defenses of contributory negligence, assumption of the risk, or negligence of a fellow employee in an action brought by an employee to recover damages for personal injuries or death.[3]  In the Gypsum/UTE CBA, Article 32 § 4 provides,

> In lieu of subscribing to the Texas Workers' Compensation Act, the Company agrees to provide directly to its employees the compensation and benefits otherwise available under the provisions of the Texas Workers Compensation Act.  In any proceeding concerning an injury or illness sustained in the course of employment (e.g., grievance procedure or arbitration -- not court action), the Company further agrees to waive its common law defenses, except those defenses applicable to alleged gross negligence.

Under § 406.034 of the TWCA, unless an employee gives notice to the contrary, "an employee of an employer waives the employee's right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and

---

Tex. Labor Code Ann. § 406.002 (West 1995).

Tex. Labor Code Ann. § 406.033 (West 1995).

scope of the employment."[4]

Cupit asserts that this arrangement is contrary to the public policy behind the TWCA, arguing that the CBA creates an unregulated self-insuring scheme. Cupit's position is wholly dependent on his assertion that his union was without authority to bargain away his right to sue for his injuries. We disagree with Cupit and agree with the district court in **Lozano v. Ingram Mfg. Co.**,[5] which held:

> The collective bargaining agreement does not violate public policy as expressed in the Texas Workers' Compensation Act. Participation in the statutory workers' compensation plan is voluntary, and an employer may elect to refrain from being a subscriber under the Act. An agreement between a non-subscribing employer and its employees whereby the non-subscribing employer contractually obligates itself to provided benefits to its employees equal to or greater than those provided under the Texas Workers' Compensation Act is a valid and enforceable contract.

Cupit has cited no case law supporting his contrary assertion, and we find none independently. We therefore hold today that the analysis and conclusion reached by the quoted language of the district court in **Lozano**[6] reflects the correct status of the law applicable to this situation.

Other than in his argument that the UTE could not bargain that right away, Cupit does not specifically address the district

---

Tex. Labor Code Ann. § 406.034 (West 1995).

1989 WL 251223, 132 L.R.R.M. 2741, 2743 (BNA) (W.D. Tex. 1989), citing **Tigrett v. Heritage Bldg. Co.**, 533 S.W. 2d 65 (Tex. App. 1976).

**Id**.

court's conclusion that he is barred from filing suit because he did not exhaust his remedies under the CBA. Neither does Cupit address the district court's interpretation of the CBA that his gross negligence claim was covered by the language of the CBA and TWCA. As he thus forfeits any objection to those rulings, they too must stand. <u>See</u> **Randall v. Chevron**, 13 F.3d 888 (5th Cir. 1994).

### III.

### CONCLUSION

For the reasons set forth above, we affirm the summary judgment of the district court in favor of the Defendants. In so doing, we reject the Cupits' contentions that in this instance the applicable provisions of § 301 of the LMRA do not preempt state law, and that those provisions are somehow unlawful under Texas law and against Texas public policy.

**AFFIRMED.**