`                    IN THE UNITED STATES COURT OF APPEALS

                          FOR THE FIFTH CIRCUIT

                          _____

                              No. 00-20630
                            Summary Calendar
                          _____


JOHN M. RITTER; ROXANNA H. RITTER,

                                                   Plaintiffs-Appellants,
                                    versus

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, No. 28;
MARITIME ASSOCIATIONS ILA RETIREMENT WELFARE AND
VACATION FUND,

                                                   Defendants-Appellees.


                _____

                    Appeal from the United States District Court
                        for the Southern District of Texas
                            USDC No. H-00-CV-446
                _____
                              July 24, 2001
Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        John M. Ritter and Roxanna H. Ritter (hereafter "Ritter") appeal the district

court's order granting the International Longshoremen's Association, No. 28's

motion to dismiss for failure to state a claim or, in the alternative, for summary

judgment. Ritter also appeals the denial of a motion for reconsideration, contending

that the trial court erred in determining that the state-law negligence claim was

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

preempted by the Labor Management Relations Act. Ritter also contends that the court erred in denying their claims for equitable estoppel and equitable tolling of the statute of limitations. The district court applied the summary judgment standard in granting the Union's motion; we therefore apply the *de novo* summary judgment standard of review.[1]

Because the underlying issue in the negligence claim before us is seniority, and because a claim for negligence requires the determination of the legal question of duty, adjudication of this action is dependent upon an interpretation of the Union's collective-bargaining agreement.[2] As a consequence, this claim is preempted by the LMRA.[3]

Ritter advances no evidence that the Union made false representations or concealed material information with the intent to cause substantial harm. Accordingly, there is a failure to establish a claim for equitable estoppel of the statute of limitations.[4]

Because the claim advanced stems from the single act of being omitted from the Union's seniority roster, the "continuing tort" theory urged for equitable tolling of the statute of limitations is rejected.[5] Even if the statute of limitations were

---

[1] Topalian v. Ehrman, 954 F.2d 1125 (5th Cir. 1992)

[2] Kollar v. United Transp. Union, 83 F.3d 124 (5th Cir. 1996); Richter v. Merchants Fast Motor Lines, Inc., 83 F.3d 96 (5th Cir. 1996).

[3] Thomas v. LTV Corp., 39 F.3d 611 (5th Cir. 1994).

[4] Linkous v. United States, 142 F.3d 271 (5th Cir. 1998).

[5] Russell v. Board of Trustees of the Firemen, Policemen and Fire Alarm Operators' Pension Fund of Dallas, Texas, 968 F.2d 489 (5th Cir. 1992); Chrisman v. Odeco, Inc., 932 F.2d

tolled, however, the claim presented would still be time-barred because Ritter failed to file suit timely after receiving notice that the Union would not honor the claim.

Ritter does not identify a genuine issue as to any material fact. In addition, there is no demonstration that the district court abused its discretion in denying the motion for reconsideration.[6]

The judgment appealed is AFFIRMED.

---

413 (5th Cir. 1991).

[6]Jones v. Central Bank, 161 F.3d 311 (5th Cir. 1998).