**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-11508**
_____


**MARGARITA NAVARRO,**

**Plaintiff-Appellant,**

**versus**

**EXCEL CORPORATION,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas, Lubbock Division**
**01-CV-179**
_____

September 5, 2002

Before KING, Chief Judge, JONES and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Margarita Navarro contends that she was injured because
her employer, Excel Corporation, negligently failed to maintain a
reasonably safe workplace. The district court granted Excel's
motion for summary judgment on the grounds that Navarro's state-law
negligence claim is preempted by Section 301 of the Labor
Management Relations Act. We AFFIRM.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

## I.  BACKGROUND

Plaintiff Margarita Navarro worked as an "arm-boner" in a meat-packing plant in Plainview, Texas.  Navarro alleges that the repetitive movements required by her job caused her to develop carpal-tunnel syndrome that required surgery on both hands.

Navarro filed this negligence action in state court against her employer, Excel Corporation.  Navarro alleged that Excel negligently failed to provide a safe workplace by not following various ergonomic guidelines for reducing stress injuries.  Excel removed the case to federal court.

As Excel is a nonsubscriber to the Texas Workers' Compensation Act, benefits for occupational injuries are provided according to a collective-bargaining agreement (CBA) between Excel and the employees' union.  The CBA's disability plan requires an employee to waive her right to sue in return for Excel's providing a claims procedure for disability benefits.

The district court granted summary judgment for Excel on the grounds that Navarro's state-law claim is preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).  The district court dismissed the case without prejudice, and Navarro appeals.

## II.  DISCUSSION

### A.  Preemption

We review the district court's grant of summary judgment *de novo*.  Cupit v. Walts, 90 F.3d 107, 108-09 (5th Cir. 1996).

Section 301 of the LMRA[2] vests jurisdiction in the federal courts to hear claims for violations of labor contracts. Baker v. Farmers Elec. Co-op., Inc., 34 F.3d 274, 278 (5th Cir. 1994).  The Supreme Court has long recognized that Section 301 preempts state-law claims, whether sounding in contract or tort, where the resolution of the state-law claim "depends upon the meaning of the collective-bargaining agreement."  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988); Richter v. Merchants Fast Motor Lines, Inc., 83 F.3d 96, 97 (5th Cir. 1996).

The question presented in this case is whether adjudicating Navarro's negligence claim would require a court to interpret or apply the terms of the CBA.  Navarro acknowledges that

---

[2]     Section 301 provides that

    Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

the CBA imposes duties on Excel with respect to workplace safety. Among other things, the CBA requires Excel to create safety and grievance committees, allow paid rest periods, and give employees protective equipment. Procedurally, the CBA provides compensation and remedial procedures, including arbitration, to resolve workplace injury claims. Even though Navarro's complaint does not allege a breach of the CBA, a court still would have to determine the scope of Excel's duties and Navarro's remedies under the CBA in order to define the scope of Excel's legal duty for purposes of a negligence claim. The district court correctly ruled that, under this circuit's precedent, Navarro's state-law claim is preempted by Section 301 of the LMRA. See Cupit, 90 F.3d at 109-10; Richter, 83 F.3d at 97-98; Baker, 34 F.3d at 280-81.

## B. Public Policy

Navarro's alternative argument is that preemption under Section 301 applies only where the underlying CBA is valid, and, in this case, the CBA is void as against public policy.

Excel is a nonsubscriber to the Texas Workers' Compensation Act (TWCA). The TWCA permits an employer to opt out of the system, but it discourages this choice by abolishing the traditional common law defenses, such as contributory negligence and assumption of risk, where an employee sues her nonsubscribing employer. Texas Workers' Compensation Comm'n v. Garcia, 893 S.W.2d 504, 511 (Tex. 1995); TEX. LABOR CODE § 406.033(a). As a

4

nonsubscriber, Excel has chosen to administer its own plan for providing compensation for injured employees.

Several appellate courts in Texas had held that where a nonsubscribing employer's disability plan provided benefits not comparable to those available under the TWCA, the plan would be declared void:

> [P]ublic policy does not permit an employer to reap the principal benefit of providing workers' compensation coverage -- the waiver of an injured employee's common law and statutory claims -- without also bestowing on the injured employee the principal benefit for which that waiver is the "quid quo pro" -- the limited but certain benefits guaranteed by workers' compensation insurance coverage. If the "balance" between the extent of the waiver and the receipt of benefits "is tipped so that the employee's benefits under the statute are substantially reduced, the clear intent of the legislature is thwarted."

Reyes v. Storage & Processors, Inc., 995 S.W.2d 722, 727-28 (Tex. App. -- San Antonio 1999, pet. denied)(citations omitted); see also Castellow v. Swiftex Mfg. Corp., 33 S.W.3d 890, 901 (Tex. App. -- Austin 2000, no pet.)("A waiver whereby an employee foregoes [sic] more common-law remedies than are surrendered under the Act, in exchange for fewer benefits than are afforded by the Act, must be declared invalid as against public policy."). Relying on similar language in state court decisions, this court once described a nonsubscribing employer's plan as "valid and enforceable" where the employer contractually obligated itself to pay benefits "equal to or greater than those provided under the Texas Workers' Compensation Act." Cupit, 90 F.3d at 109.

5

The Texas Supreme Court, however, specifically overruled Castellow and Reyes to the extent that they engaged in a substantive comparison of benefits between the TWCA and a nonsubscribing employer's plan. Lawrence v. CDB Serv., Inc., 44 S.W.3d 544, 551 (Tex. 2001)("We believe that courts engaging in such a qualitative, plan-by-plan evaluation is ill-advised."). In Lawrence, the Texas Supreme Court upheld an employee benefit plan that required employees to waive entirely the right to sue the employer. Id. at 545-46.

Just a few months after the Texas Supreme Court had decided Lawrence, the Texas Legislature amended the TWCA to provide that a cause of action against a nonsubscribing employer "may not be waived by an employee before the employee's injury or death. Any agreement by an employee to waive a cause of action . . . before the employee's injury or death is void and unenforceable." TEX. LABOR CODE § 406.033(e). But this statute does not aid Navarro, whose injury predates the law's effective date by nearly two years. The law provides that it only applies to "compensable injury that occurs on or after the effective date of this Act."

Navarro does not contend that § 406.033(e) applies retroactively to this case. Instead, her position is that, in light of the current public policy against waivers, this court should hold that the underlying CBA is void. If the underlying labor agreement is void, Navarro continues, then her negligence claim is not preempted by Section 301 of the LMRA. This assertion

6

is, in light of the express non-retroactivity of § 406.033(e), unpersuasive.

### III. CONCLUSION

For the foregoing reasons, the district court did not err in dismissing this case without prejudice. The judgment of the district court is **AFFIRMED**.