# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2011

Lyle W. Cayce
Clerk

No. 10-20575
Summary Calendar

CHRISTOPHER M. VILLASANA,

Plaintiff - Appellant

v.

CITY OF HOUSTON; ARTURO G. MICHEL; RANDY ZAMORA; SAHIRA
ABDOOL,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:09-cv-2393

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Christopher M. Villasana, appeals the district court's dismissal of this action, brought under 42 U.S.C. § 1983. As the district court explained, "Plaintiff Villasana is a lawyer who practices in the City of Houston's municipal courts and issues surety bonds to his clients." Slip Op. at 1. He claims that on April 1, 2006, "the City implemented new procedures to process cases at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20575

the municipal courthouse. Among these new procedures, Villasana asserts that the City 'conveyed to the attorneys and bondsmen who posted bonds that, until further notice, attorneys and bondsmen would not be held liable for bond forfeitures.'" *Id.* (quoting Villasana's Complaint at 3) (alterations omitted). "More than one year later, signs were posted within the courthouse indicating that bond forfeiture procedures would begin on October 1, 2007." *Id.* at 1-2 (quoting Villasana's Complaint at 4) (internal quotation marks omitted). "Accordingly, Villasana believed he 'would not be liable for bond forfeitures from April 1, 2006 to October 1, 2007.'" *Id.* at 2 (quoting Villasana's Complaint at 4). Yet, almost two years later, the City demanded that Villasana settle outstanding judgments for bonds forfeited during that period. While this suit was pending before the district court, Villasana agreed to pay the City $4,175 to settle these claims.

Villasana alleged in his complaint that "[t]he defendants['] [demand for payment] violate[d] [his] right to due process." The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), explaining that as part of the forfeitures for which the City sought payment, "Villasana, a licensed and practicing Texas lawyer, signed the judgments and motions to dismiss, thereby agreeing to pay the bond forfeiture fees and costs. There is no legal basis for absolving Villasana for bonds forfeited from April 1, 2006, to October 1, 2007. . . . Villasana, acting as a bondsman for his clients, is liable to the City under the terms of the forfeiture agreements, and fails to show that the City's method of collecting bond forfeiture is substantively or procedurally unfair." Slip Op. at 6 (citations to the record omitted).

On appeal, Villasana does not address the district court's conclusion that because he "signed the judgments . . . agreeing to pay the bond forfeiture fees," the City's demand for payment did not violate his right to due process. Moreover, as best as we can tell, Villasana is arguing on appeal that his "procedural due process[]" rights were violated by the City's actions because they took away his

No. 10-20575

"[l]iberty interests" without the requisite procedural protections. Blue Br. 23. However, nowhere does he cite any case law or make any argument explaining how the City's conduct compromised his liberty interests. Nor does he explain what procedures were afforded by the City or how they were constitutionally deficient. Thus, he has forfeited any objection to the district court's ruling. *See Cupit v. Walts*, 90 F.3d 107, 109 (5th Cir. 1996) ("Cupit does not specifically address the district court's conclusion that he is barred from filing suit because he did not exhaust his remedies under the [Collective Bargaining Agreement ("CBA")]. Neither does Cupit address the district court's interpretation of the CBA that his gross negligence claim was covered by the language of the CBA and [the Texas Workers Compensation Act]. As he thus forfeits any objection to those rulings, they . . . must stand.")

Villasana also argues that he "has been denied the equal protection under the law," and that the City breached "an oral contract." Blue Br. 18, 19. Because Villasana did not raise these claims in his complaint and does not argue on appeal that the district court erred in failing to allow him to amend his complaint to add these claims—he mentions in passing that he "indicated [to the district court that] he would like to amend his complaint," Blue Br. 16, but the district court's docket that indicates he never attempted to amend—it is unnecessary for us to address these claims. *See Williams v. Kaufman County*, 352 F.3d 994, 1012 (5th Cir. 2003) ("To the extent plaintiffs purport to make a separate invasion of privacy claim, it was not included in their original complaint, and they do not appeal the rejection of their attempts to amend that complaint. Thus, it is unnecessary for us to address such a claim.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.