# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40282
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

JEFFREY D. WESTBROOK,

Plaintiff-Appellant

v.

DAVID A. DOUGHTY, Senior Warden; GARY J. GOMEZ, Region III Director, Texas Department of Criminal Justice - Institutional Division, In His Individual and Official Capacities; JANIE COCKRELL, Director, Texas Department of Criminal Justice - Institutional Division, In Her Individual and Official Capacities; GARY L. JOHNSON, Executive Director, Texas Department of Criminal Justice - Institutional Division, In His Individual and Official Capacities; CLARENCE MOSLEY, Assistant Warden; RICHARD K. THOMPSON, Assistant Warden; NORMA SHERMAN, Mailroom Supervisor,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-21

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40282

Jeffrey D. Westbrook, Texas prisoner # 00670281, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint against prison officials regarding his conditions of confinement at the Stiles Unit of the Texas Department of Criminal Justice.  We grant his motion for leave to file a supplemental brief.  *See* 5TH CIR. R. 28.

We review the district court's grant of summary judgment de novo. *Cupit v. Walts*, 90 F.3d 107, 108 (5th Cir. 1996).  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact [and] that the moving party is entitled to a judgment as a matter of law." *Cupit*, 90 F.3d at 108 (internal quotation marks and citation omitted).

Contrary to his argument, Westbrook's allegations were insufficient to provide notice to the defendants that Westbrook was pleading an excessive force claim or a free speech claim.  *See* FED. R. CIV. P. 8(a)(2) (2002); *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 300 (5th Cir. 2013); *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006).  The district court did not err in granting summary judgment in favor of the defendants on Westbrook's claims of retaliation.  *See Cupit*, 90 F.3d at 108; *see also Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Westbrook waived consideration of his access-to-the-courts claim by specifically addressing it solely in his reply brief.  *See Valle v. City of Houston*, 613 F.3d 536, 544 n.5 (5th Cir. 2010).  The district court did not err in declining to exercise supplemental jurisdiction over any state law claims after it properly dismissed all of the federal questions that gave it original jurisdiction in this case.  *See Rhyne v. Henderson Cty.*, 973 F.2d 386, 395 (5th Cir. 1992).  Lastly, Westbrook waived by virtue of inadequate briefing

No. 16-40282

any argument regarding discovery violations. *See Doe v. United States*, 831 F.3d 309, 317 n.6 (5th Cir. 2016).

As a final matter, we note that in his reply brief Westbrook implicitly threatened opposing counsel with physical injury. We "simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). Westbrook is warned that using abusive language in his pleadings in the future will result in the imposition of sanctions against him, including dismissal of the appeal. *See id.* at 303-04.

AFFIRMED; MOTION GRANTED; SANCTION WARNING ISSUED.