# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40276
Summary Calendar

———————

UVALDO GUZMAN,

*Plaintiff—Appellant*,

*versus*

SKINNER C. STURGIS; TOMMY L. WEST,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-432

———————————————————

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Uvaldo Guzman, Texas prisoner # 01423388, filed a suit under 42 U.S.C. § 1983 against Lieutenant Skinner C. Sturgis and Sergeant Tommy L. West, alleging that they demonstrated a deliberate indifference to his Eighth Amendment right to the minimal civilized measure of life's necessities and retaliated against him for exercising his Sixth Amendment

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

right to counsel. Guzman alleged that he and his attorney's investigator were having a meeting in a conference room to discuss a then-pending criminal charge against Guzman, but Guzman was moved to a shakedown cage so that he and the investigator could hear each other better. Guzman alleged that he was ultimately left in the shakedown cage for approximately 19 hours and was not provided access to food, water, or a bathroom. On appeal, Guzman challenges the district court's grant of summary judgment in favor of the defendants on the retaliation and deliberate indifference claims.

We review the grant of summary judgment de novo, applying the same standard used by the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." *Cupit v. Walts*, 90 F.3d 107, 109 (5th Cir. 1996) (per curiam) (internal quotation marks and citation omitted); *see* FED. R. CIV. P. 56(a). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A qualified immunity defense alters the typical summary judgment burden of proof. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Where, as here, the qualified immunity defense is pled, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* To overcome an assertion of qualified immunity, the plaintiff must show that (1) the defendant's conduct violated a constitutional right and (2) the right was clearly established when the violation occurred. *Williams v. City of Cleveland*, 736 F.3d 684, 688 (5th Cir. 2013) (per curiam).

To prevail on a retaliation claim, the prisoner "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Under this framework, the prisoner "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (internal quotation marks and citation omitted). In other words, the showing must be "more than the prisoner's personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal quotation marks and citation omitted). To show causation, the prisoner must establish that, *but for* the retaliatory motive, the incident would not have occurred. *McDonald*, 132 F.3d at 231.

In this case, the competent summary judgment evidence, even when construed in Guzman's favor, indicated that: the defendants did not intend for Guzman to remain in the cage for hours; Sturgis directed his staff to remove Guzman from the cage and believed that the task had been completed; and Guzman's extended stay in the cage resulted from the defendants' attention to other issues in the building that required their presence. Because Guzman failed to satisfy the intent or causation element of his retaliation claim, the district court correctly found no constitutional violation. *See McDonald*, 132 F.3d at 231. Accordingly, the district court did not err in granting qualified immunity and summary judgment to the defendants on the retaliation claim. *See Cleveland v. Bell*, 938 F.3d 672, 675–76 (5th Cir. 2019).

To establish an Eighth Amendment violation regarding conditions of confinement, the prisoner must show that his confinement resulted in a deprivation that was "objectively, sufficiently serious," such that it resulted in the denial of "the minimal civilized measure of life's necessities." *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Additionally, the prisoner must show that the prison officials acted with "deliberate indifference" to the prisoner's health or safety.  *Id.*  To establish deliberate indifference, the prisoner must show that the prison officials (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, (2) subjectively drew the inference that the risk existed, and (3) then disregarded that risk.  *Cleveland*, 938 F.3d at 676.

In this case, the competent summary judgment evidence indicated that the defendants periodically checked on Guzman while he was in the cage, that they did not believe he was at risk of being harmed, and that Sturgis told his staff to remove Guzman from the cage and believed that task had been accomplished.  Given the lack of evidence of the defendants' subjective awareness of a substantial risk of serious harm to Guzman, Guzman has not established that the defendants acted with deliberate indifference.  *See id.*  Although Guzman asserts that Sturgis made teasing comments during one of the times he checked on him while he was in the cage, the record indicates that Sturgis's "light-hearted attitude[]" was "the result of subjective unawareness of the risk rather than knowledge of the risk and a deliberate choice not to take any precautions." *Aguirre v. City of San Antonio*, 995 F.3d 395, 421 (5th Cir. 2021).  While the defendants may have been negligent, that negligence does not amount to deliberate indifference.  *See id.* at 420.  Because the district court properly determined there was no constitutional violation, the district court correctly granted qualified immunity and summary judgment to the defendants on the deliberate indifference claim. *See Cleveland*, 938 F.3d at 675-76.

The district court's judgment is AFFIRMED.