**Darrell Wayne SMALLWOOD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24012.**

United States Court of Appeals Fifth Circuit.

Dec. 4, 1967.

---

James A. McPherson, New Orleans, La., for appellant.

Edward L. Shaheen, U. S. Atty., Q. L. Stewart, Charles E. Welsh, Asst. U. S. Attys., Shreveport, La., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This is an appeal from a motion for correction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure.

Appellant was charged and pled guilty to a violation of the Dyer Act, 18 U.S.C. § 2312.

At the time of his sentence the following colloquy between the court and the defendant ensued:

The Court: "I am going to impose a sentence of three years to run con- secutively with the present sentences you have imposed upon you. That is the present sentence at Leavenworth and the sentence in Arkansas."

The Defendant: "I would rather have five years than three."

The Court: "I will make it five years."

The written sentence is "for a period of five (5) years, said sentence to run consecutive with sentence defendant is presently serving, which was for five years under Section 4208(a) (2) imposed February 5, 1965, in the United States District Court, Western District of Mis- souri."

Appellant contends (1) the sentence was invalid for uncertainty, (2) there was error in summarily increasing the sentence from three to five years, (3) waiver of counsel did not extend to the sentence of five years.

It is our view that the sentence is am- biguous and for that reason invalid. As stated in United States ex rel. Chasteen v. Denemark, 7 Cir., 138 F.2d 289:

"A sentence in a criminal case should be clear and definite * * * and be so complete as to need no construc- tion of a court to ascertain its im- port."

The same test was applied by this Court in Benson v. United States, 332 F.2d 288. In the case before us the oral pronounce- ment of the sentence refers to two previ- ous sentences, whereas the written judg- ment refers only to one five year sen- tence imposed in the Western District of Missouri. As the situation now stands appellant cannot know when his new sen- tence imposed by the United States Dis- trict Court of the Western District of Louisiana is to be served in relation to the Arkansas sentence. It may be con- secutive with the Arkansas sentence as well as the sentence then being served at Leavenworth, as the oral pronounce- ment indicates, or it may be consecutive only with the sentence he was presently serving imposed in the United States District Court, Western District of Mis- souri, as the written judgment indicates.

Since we hold the sentence invalid we do not reach the question of whether the increase of the sentence from three to five years is invalid nor the question of whether defendant's waiver of counsel extended to the increased sentence.

The order of the District Court denying the motion to correct the judgment is reversed, the sentence is vacated and the cause remanded for correction of the sentence so that the defendant will know precisely the penalty assessed.

Reversed, vacated, and remanded.