* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

Harry William **THERIAULT**,
Petitioner-Appellant,

v.

**UNITED STATES of America**,
Respondent-Appellee.

Harry **THERIAULT**, Petitioner-Appellant,

v.

**MOBILE CITY JAIL**, Respondent-Appellee.

Nos. 72–1712, 72–2897

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 27, 1973.

Rehearing Denied Aug. 27, 1973.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Vincent F. Kilborn, III, Mobile, Ala., Court-appointed for petitioner-appellant.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for the United States.

Fred Collins, City Atty., Mobile, Ala., James H. Lackey, Deputy City Atty., William J. Baxley, Atty. Gen., Montgomery, Ala., for Mobile City Jail.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM.

Harry Theriault filed suit against the Mobile City Jail complaining of alleged inhumane conditions in the jail. After a nonjury trial the district court concluded that Theriault's claims were "without merit, frivolous and the evidence in support of them totally insufficient." During the course of the hearing, Theriault was twice cited in contempt, once when he called a witness a "liar" and again when he told the district judge to "stick the whole G-- d--- hearing up your a--." The district judge summarily sentenced him to thirty days' imprisonment for the first contempt and to sixty days' imprisonment for the second contempt. Theriault appeals from the denial of relief with respect to the jail conditions, and he appeals from the contempt citations. The two appeals were consolidated by this Court by order dated June 15, 1972. We affirm.

Theriault was incarcerated in the federal unit of the Mobile City Jail while he was being tried for escape, in violation of 18 U.S.C. § 751. This particular escape occurred several days after Theriault had been convicted for another escape from federal custody. He was convicted for the second escape as well. During the trial for the second escape, he was cited for contempt on numerous occasions for vilifying the district judge. We have affirmed both convictions and the contempt citations. Theriault v. United States, 5 Cir. 1970, 434 F.2d 212 (affirmed the conviction for the first escape, but remanded for resentencing), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971); United States v. Theriault, 5 Cir. 1972, 467 F.2d 486 (affirmed the new sentence); United States v. Theriault, 5 Cir. 1973, 474 F.2d 359 (affirmed the contempt citation and the conviction for the second escape).

In the present case, Theriault sued pursuant to the "Civil Rights Act," presumably 42 U.S.C. § 1983, to relieve allegedly inhumane conditions in the Mobile jail. The district judge held a full hearing allowing Theriault, who represented himself, to interview various officials in the prison. The cross-examina-

tion which led to the contempt is set out in the margin.[1] To dramatize his complaints at the jail, Theriault threw his food tray out of the cell, scattering food over the hallway. Then he jumped up on his wash basin and broke it from the wall. When a guard asked what was wrong, he responded that he was too good to eat that type of "slop."

The district judge personally inspected the jail and found the building to be in good repair and all facilities to be in working order and clean. There was an aperture in Theriault's cell for air and a light. It was "pleasant temperature-wise." Theriault's cell was in considerable disarray, but the district judge attributed the disarray and uncleanliness

1. The first contempt occurred during the cross-examination of Mrs. Louise Hickman, as follows:

CROSS-EXAMINATION
BY MR. THERIAULT:

Q. What kind of vitamins were asked from you by me?
A. You requested a vitamin.
Q. Do you recall me requesting any iron pills?
A. Not this visit, you haven't. You requested vitamins.
Q. You have—or have you had a little triangular black pill that is called an iron pill?
A. I have not.
Q. You never had one, a triangular black pill?
A. No.
Q. And I would say you are a liar.

THE COURT:
All right. I hold you in contempt of Court for that remark. You are not on the witness stand.

MR. THERIAULT:
She gave them to me.

THE COURT:
We have no evidence—

MR. THERIAULT:
I don't care what you—

THE COURT:
I sentence you to thirty days in jail; such sentence to run consecutively—

MR. THERIAULT:
You have already sentenced me—

THE COURT:
This morning I overlooked things that you have said and done, but you have no right to address a witness and call that witness a liar.

MR. THERIAULT:
If they are lying, I do. If I don't then the system is wrong. She is lying. I said, "liar" again. Sentence me for that.

THE COURT:
Thirty days is enough to cover both of them.

MR. THERIAULT:
You didn't want to have this hearing to begin with. You just did it because of reasons you and I only know of.

THE COURT:
Go ahead.

MR. THERIAULT:
Well,—

THE COURT:
This thirty days is to run consecutive to any sentence that I have heretofore imposed, or imposed in other cases.

MR. THERIAULT:
You are changing the sentence now. That's not the way you said it a minute ago.

THE COURT:
Go ahead.

The second contempt occurred later in the cross-examination of Mrs. Hickman:

MR. THERIAULT:
Number ten on this list says, "beef stew." Would you tell us your definition of beef stew?

THE COURT:
Beef stew is a common thing.

MR. THERIAULT:
You are talking about a kind of beef stew. I am talking about a hash.

THE COURT:
That was not the question you asked.

MR. THERIAULT:
I asked her what her definition was of beef stew. She said I had a well-rounded menu. I want to know her definition of beef stew.

THE COURT:
Go ahead with some other questions, Mr. Theriault.

MR. THERIAULT:
You can stick the whole G__ d___ hearing up your a . .

THE COURT:
I hold you in contempt of Court—

MR. THERIAULT:
F___ you and your contempt—

THE COURT:
Sixty days, and it is to be served consecutive to any previously imposed by this or some other Court. All right. You may come down.

MR. THERIAULT:
A hearing? You call this a hearing?

THE COURT:
All right. Take him away.

to his personal living habits. The menu for the day included beef stew, mustard greens, rice, cornbread, and turnover pies, which the district judge found to be "reasonably appetizing and well prepared." The servings were sufficient to sustain a normal male. Clean linen and coveralls were furnished for the prisoners.

■ These conditions satisfy the "Regulations Governing Custody and Treatment of Federal Prisoners in Nonfederal Institutions," issued by the United States Department of Justice, and do not violate the Eighth Amendment's prohibition against cruel and unusual punishments. Accordingly, the district judge properly denied Theriault's claim for relief. *See generally* Patterson v. Hopkins, 5 Cir. 1973, 481 F.2d 640.

■ The district judge was justified in citing Theriault with contempt for calling the witness a "liar." By representing himself, Theriault was entitled to as much latitude as is enjoyed by counsel vigorously espousing a client's cause. *See* In re Little, 404 U.S. 553, 92 S.C. 659, 30 L.Ed.2d 708 (1972). But Theriault was not properly espousing his cause when he called the witness a liar. As the district judge observed, his "conduct constituted the implementation of a pre-conceived plan to emulate other disruptive trials and was a provocative deliberate and willful attack upon the administration of justice." [2]

■ With respect to Theriault's personal abuse of the district judge in open court and the second contempt citation, we emphasize again what we said in the last *Theriault* contempt case involving the same district judge:

> [W]e repeat our comment in another case involving this same defendant that "the careful, restrained, moderate and responsible way the Judge—who was not then, nor had he been, engaged in an embroilment or running controversy with Appellant—handled

this situation which was then interfering with the efficient operation of the court comported with Illinois v. Allen, 1970, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 and Mayberry v. Pennsylvania, 1971, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532."

United States v. Theriault, 5 Cir. 1973, 474 F.2d 359, 361.

Affirmed.

---

2. In one communication to the court, Theriault threatened: "Is it going to take another Attica, another 'escape', blood-shed? What is it going to take, Mr. Pittman? You better do something, before defendant does."