UNITED STATES of America,
Plaintiff-Appellee,

v.

Harry William THERIAULT, a/k/a
Shiloh Bishop of Tellus,
Defendant-Appellant.

No. 76-3023.

United States Court of Appeals,
Fifth Circuit.

July 5, 1977.

Clarence Moyers, Atty., Bisbee, Ariz. (Court-appointed), for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Asst. U. S. Atty., El Paso, Tex., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, Circuit Judge, KUNZIG, Associate Judge,* and GEE, Circuit Judge.

PER CURIAM:

Appellant alleges error in the sentencing orders of the District Court. In response to a remand, *United States v. Theriault*, 5 Cir. 1976, 531 F.2d 281, *reh. den.*, 534 F.2d 1407, the District Court conducted a resentencing hearing and then imposed a term of ten years imprisonment on count 1 and three years on count 2. The Judge also stated:

Sentence on count two is to run consecutive to the sentence imposed on count one and the sentence for both count two and three are to run consecutive to the sentence that you are now serving in the federal prison for bank robbery. I also order that count three of the indictment will be dismissed.

When reduced to written form, the sentencing order provided:

TEN YEARS ON COUNT ONE: THREE YEARS ON COUNT TWO:

---

* Associate Judge of the United States Court of Claims, sitting by designation.

Sentence imposed in Count Two is to run consecutive to the sentence imposed in Count 1; Sentence imposed in Counts One and Two is to run consecutively to the sentence defendant is now serving. COUNT THREE OF THE INDICTMENT IS DISMISSED.

The difference in the phraseology of the oral and written sentences, plus the fact that the appellant was serving time for bank *larceny* not bank robbery, generated this appeal. Appellant argues that any variance between oral and written versions of the same sentence must be resolved in favor of the oral sentence, citing *Cuozzo v. United States*, 5 Cir. 1965, 340 F.2d 303. He states further that if there is an ambiguity, he is entitled to have the language construed most favorably to him. *See, Benson v. United States*, 5 Cir. 1964, 332 F.2d 288. Accordingly, he asks us to order that the sentence imposed by the District Court be served concurrently with the sentence he is presently serving.

Basically, the problem arises from a possible misapprehension by the District Court and the parties as to the directions of our remand for resentencing. 531 F.2d 281, 285. In that appeal we said:

> Appellant's conviction is affirmed as to the merits of the appeal *and as to the sentence pursuant to count one.* (Emphasis added.)

*United States v. Theriault, supra*, 531 F.2d at 285.

Consequently, the only items remanded for further consideration were the sentences imposed under counts 2 and 3. With the sentence under count 1 standing affirmed, the District Court's resentencing under that count when he came to the pronouncement of the new sentence was of no effect because that issue was not, and could not have been, before it. The prior, affirmed, sentence on count 1 was in full force and effect.

The affirmed count 1 sentence specified that it would run consecutively to all of the sentences which the appellant was then serving. On resentencing, the appellant received three years on count 2 and the District Court left no doubt that it intended the sentence on count 2 to run consecutive to that imposed under Count 1.

Our remand directed that the defendant could be sentenced on either count 2 or count 3, but not both. Having pronounced sentence on count 2, the oral remarks concerning count 3, just as the remarks as to count 1, were mere surplusage. Compare, *Chunn v. Clark*, 5 Cir. 1971, 451 F.2d 1005, 1006.

Appellant's reliance on *Smallwood v. United States*, 5 Cir. 1967, 386 F.2d 175, is misplaced. In *Smallwood*, the Judge's oral pronouncement ordered the imposed sentence to be served consecutively with the sentence he was then serving "at Leavenworth and the sentence in Arkansas". The written order directed sentence to be served consecutively with that he was then serving in Missouri. Thus, as we held, it was impossible to discern to which sentence the Judge had reference. In the present case, no such conflict appears. It is obvious from the face of the orders what was intended and, as stated, the mention of bank robbery instead of bank larceny has no effect in view of the existing affirmed sentence under count 1.

Since in both the oral and written imposition of sentence it was specifically stated that count 3 of the indictment was being dismissed no part of the sentencing language could have possibly applied, or been intended to apply, to count 3.

What had the surface appearance of a conflict is really no conflict at all. The sentence on count 1 is not before us. We disposed of that issue in the prior appeal. The three year sentence on count 2 is

AFFIRMED.