Dr. Harry W. THERIAULT,
Plaintiff-Appellant,

v.

Frederick SILBER, Director, United
States Chaplain Service, et al.,
Defendants-Appellees.

No. 78–1506.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1978.

Dr. Harry W. Theriault, pro se.

Jamie C. Boyd, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Sp. Asst. U. S. Atty., El Paso, Tex., for defendants-appellees.

Joseph S. Blair, pro se.

Before THORNBERRY, GODBOLD, and RUBIN, Circuit Judges.

BY THE COURT:

Upon the appellee's motion, this court struck the appellant's [1] notice of appeal and appeal because the appellant's notice of appeal contained vile and insulting references to the trial judge.[2] This court's order is reported at 574 F.2d 197 (5 Cir. 1978).[3] We

---

1. The appellant, Theriault, purports to appeal both for himself and one Jerry Dorrough. Since Theriault is not a member of the bar of this court his notice of appeal is effective only for himself. *Scarrella v. Midwest Savings and Loan*, 536 F.2d 1207 (8 Cir. 1976), *cert. denied*, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976); *McKinney v. DeBord*, 507 F.2d 501 (9 Cir. 1974).

2. We did not include a copy of the notice of appeal in our original order because we had hoped that we could avoid publishing the calumnious document. Now that a comparison between the original notice of appeal and the second notice of appeal becomes necessary to the decision of the case, we feel compelled to publish the two notices of appeal. The original notice of appeal reads:

   Notice is hereby given by the Plaintiffs-Petitioners that they appeal the lying "Memorandim [sic] Opinion, Findings of Fact and Con-

clusions of Law" so hatefully and unAmericanly entered by the Dishonorable "Judge" John H. Wood, Jr., at El Paso, Texas, February 10, 1978, filed February 13, 1978, to the United States Court of Appeals for the Fifth Circuit, this February 14, 1978, so that a true decision can be entered as law and justice require.

3. The complete citation to the instant case is *Theriault v. Carlson*, 339 F.Supp. 375 (N.D.Ga. 1975), *vacated and remanded*, 495 F.2d 390, 395 (5 Cir. 1974), *rehearing denied*, 498 F.2d 1402, *cert. denied sub nom. Theriault v. Silber*, 419 U.S. 1003, 95 S.Ct. 323, 42 L.Ed.2d 279 (1974), *on remand*, 391 F.Supp. 578 (W.D.Tex. 1975), *vacated and remanded*, 547 F.2d 1279 (1977), *rehearing denied*, 551 F.2d 863, *cert. denied*, 434 U.S. 871, 98 S.Ct. 216, 54 L.Ed.2d 150 (1977), *rehearing denied*, 434 U.S. 943, 98 S.Ct. 441, 54 L.Ed.2d 306, *appeal dismissed pending proper notice of appeal*, 574 F.2d 197 (5 Cir. 1978).

gave the appellant ten days in which to file a proper notice of appeal and directed him to the appendix of forms in the Rules of Appellate Procedure for a suggested notice of appeal. Within the time allowed, the appellant filed a second notice of appeal; however, the appellant apparently has not taken this court seriously and has filed an equally abusive document.[4]

For failure to comply with the order of this court, we therefore direct that the appellant's appeal be dismissed with prejudice.

One of the most significant changes in our judicial system has been the recognition that the law and the resolution of conflict in the courts should not turn on the nicety of pleadings and the triumph of form over substance. The modern view is that courts decide cases based on the merits of the issues and not from the pages of a writ book. This change is nowhere more evident than in the Rules of Civil Procedure which direct, "All pleadings shall be so construed as to do substantial justice."[5] Fed.Rules Civ.Proc. Rule 8(f). Moreover, this court and others have recognized that those unskilled in the law should not be held to strict standards of pleading. Hence, courts have developed the practice of liberally construing pro se petitions and pleadings.

Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect. This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge. Any complaint the appellant has about the conduct of the trial judge can be adequately addressed in a civil manner in the appellant's brief. It is totally unnecessary to make any reference to the trial judge or the grounds of appeal in the notice of appeal. See Form 1, Fed.Rules App.Proc.

By failing to file a proper notice of appeal after this court directed that one be filed, the appellant has demonstrated his utter contempt for this court and the law.[6] This appellant has been involved in numerous other lawsuits[7] and there can be no

---

4. The second notice of appeal reads:
By "Order" of this Court of Thornberry, Godbold and Rubin, Circuit Judges, May 16, 1978, the plaintiffs-appellants were told to re-give notice of appeal, because the fact that District Judge John H. Wood, Jr., lied pointblankly in the decision appealed, when plaintiff Shiloh mentioned that fact as the *basis* of this appeal, plaintiff Shiloh's reference thereto is somehow "beneath the dignity of this court," according to the above mentioned three judges, who so ruled to reinforce the cat and mouse game the government is playing with plaintiffs at the expense of their human rights.
Using their right to freedom of speech to tell the truth against the lying judge, who has *no right to* lie like that in the name of the court or law, etc., plaintiffs hereby again give notice that they appeal to the 5th Circuit Court of Appeals the lying decision of John H. Wood, Jr., entered February 13, 1978, in this case and purporting to overrule the Constitution thereby. The *grounds* for this appeal are that the said final decision and judgment are based on the pointblank lies of John H. Wood, Jr., and not on the Record herein and the Constitution.
Today is May 23, 1978, and plaintiff request that this court not lie, too.

5. See Cobb v. Lewis, 488 F.2d 41 (5 Cir. 1974) for an example of our commitment to disregard irregularities in the notice of appeal in order to do substantive justice.

6. This is not the first time the appellant has come to grief as a result of his behavior in the United States courts. Theriault has been held in contempt for calling a witness a "liar" and for personal abuse of a trial judge in open court. *Theriault v. United States*, 481 F.2d 1193 (5 Cir. 1973), cert. denied, 414 U.S. 1115, 94 S.Ct. 847, 38 L.Ed.2d 742 (1973); *United States v. Theriault*, 474 F.2d 359 (5 Cir. 1973), cert. denied, 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960 (1973). At another trial, the trial judge ordered that Theriault be shackled during the trial. We upheld the trial court's action in *United States v. Theriault*, 531 F.2d 281 (5 Cir. 1976), cert. denied, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976), dist. ct. aff'd, 555 F.2d 460 (1977), cert. denied, 434 U.S. 870, 98 S.Ct. 212, 54 L.Ed.2d 148 (1977).

7. *Theriault v. United States Court of Appeals for the Seventh Circuit*, 434 U.S. 953, 98 S.Ct. 493, 54 L.Ed.2d 321 (1977); *Theriault v. Carlson*, 339 F.Supp. 375 (N.D.Ga.1975), vacated and remanded, 495 F.2d 390, 395 (5 Cir. 1974),

doubt that he is as familiar with court practice as almost any layman. It is therefore our conclusion that the appellant's failure to file a proper notice of appeal must result in his appeal being dismissed with prejudice.

APPEAL DISMISSED WITH PREJUDICE.

rehearing denied, 498 F.2d 1402, cert. denied sub nom. Theriault v. Silber, 419 U.S. 1003, 95 S.Ct. 323, 42 L.Ed.2d 279 (1974), on remand, 391 F.Supp. 578 (W.D.Tex.1975), vacated and remanded, 547 F.2d 1279 (5 Cir. 1977), rehearing denied, 551 F.2d 863, cert. denied, 434 U.S. 871, 98 S.Ct. 216, 54 L.Ed.2d 150 (1977), rehearing denied, 434 U.S. 943, 98 S.Ct. 441, 54 L.Ed.2d 306 (1977), appeal dismissed, 574 F.2d 197 (5 Cir. 1978); United States v. Theriault, dist. ct. aff'd in part, vacated and remanded in part, 526 F.2d 698 (5 Cir. 1976), after remand dist. ct. aff'd in part and remanded in part, 531 F.2d 281, rehearing denied, 534 F.2d 1407, cert. denied, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976), dist. ct. aff'd, 555 F.2d 460 (1977), cert. denied, 434 U.S. 870, 98 S.Ct. 212, 54 L.Ed.2d 148 (1977); Theriault v. Pittman, 423 U.S. 818, 96 S.Ct. 155, 46 L.Ed.2d 114 (1975); Theriault v. Pittman, 423 U.S. 854, 96 S.Ct. 101, 46 L.Ed.2d 78 (1975); Theriault v. Pittman, 420 U.S. 989, 95 S.Ct. 1437, 43 L.Ed.2d 680 (1975); Theriault v. Carlson, 353 F.Supp. 1061 (N.D.Ga. 1973), reversed, 495 F.2d 390, 395 (5 Cir. 1974), cert. denied sub nom. Theriault v. Silber, 419 U.S. 1003, 95 S.Ct. 323, 42 L.Ed.2d 279 (1974); Theriault v. United States Court of Appeals for the Seventh Circuit, 416 U.S. 980, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974); Theriault v. Bartels, 415 U.S. 979, 94 S.Ct. 1567, 39 L.Ed.2d 875 (1974); Theriault v. United States, 481 F.2d 1193 (5 Cir. 1973), cert. denied, 414 U.S. 1114, 94 S.Ct. 847, 38 L.Ed.2d 742 (1973); Theriault v. United States, 481 F.2d 1193 (5 Cir. 1973), cert. denied, 414 U.S. 1115, 94 S.Ct. 847, 38 L.Ed.2d 742 (1973); Theriault v. United States, dist. ct. reversed and remanded, 440 F.2d 713 (5 Cir. 1971), dist. ct. aff'd, 474 F.2d 359 (5 Cir. 1973), cert. denied, 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960 (1973); Theriault v. United States, sentence vacated and case remanded, 434 F.2d 212 (5 Cir. 1970), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971), aff'd, 467 F.2d 486 (1972), cert. denied, 411 U.S. 984, 93 S.Ct. 2280, 36 L.Ed.2d 961 (1973); Theriault v. Establishment of Religion on Taxpayers' Money in the Federal Bureau of Prisons, 411 U.S. 946, 93 S.Ct. 1937, 36 L.Ed.2d 418 (1973); Theriault v. Silber, 405 U.S. 1048, 92 S.Ct. 1328, 31 L.Ed.2d 590 (1972); Theriault v. United States, 447 F.2d 1361 (5 Cir. 1971), cert. denied, 404 U.S. 1064, 92 S.Ct. 750, 30 L.Ed.2d 752 (1972); Theriault v. United States Court of Appeals for the Seventh Circuit, 404 U.S. 936, 30 L.Ed.2d 269 (1971); Theriault v. Pittman, 404 U.S. 952, 92 S.Ct. 156, 30 L.Ed.2d 269 (1971); Theriault v. Mississippi, 404 U.S. 818, 92 S.Ct. 156, 30 L.Ed.2d 119 (1971); Theriault v. Harris, 404 U.S. 870, 92 S.Ct. 125, 30 L.Ed.2d 113 (1971), 403 U.S. 923, 91 S.Ct. 2238, 29 L.Ed.2d 702, rehearing denied, 404 U.S. 877, 92 S.Ct. 34, 30 L.Ed.2d 125 (1971); Theriault v. Blackwell, 437 F.2d 76 (5 Cir. 1971), cert. denied, 402 U.S. 953, 91 S.Ct. 1637, 29 L.Ed.2d 122 (1971); Theriault v. Daggett, 401 U.S. 983, 91 S.Ct. 1205, 28 L.Ed.2d 335 (1971); Theriault v. United States, 401 U.S. 983, 91 S.Ct. 1205, 28 L.Ed.2d 335 (1971); Theriault v. United States, 409 F.2d 1313 (5 Cir. 1969), cert. denied, 396 U.S. 933, 90 S.Ct. 274, 24 L.Ed.2d 231 (1969); Theriault v. United States, 402 F.2d 792 (5 Cir. 1968), cert. denied, 395 U.S. 965, 89 S.Ct. 2110, 23 L.Ed.2d 751 (1969), rehearing denied, 396 U.S. 870, 90 S.Ct. 42, 24 L.Ed.2d 128 (1969); Theriault v. Peek, 406 F.2d 117 (5 Cir. 1968), cert. denied, 394 U.S. 1021, 89 S.Ct. 1644, 23 L.Ed.2d 47 (1969); Theriault v. United States, 268 F.Supp. 314 (W.D.Ark.1967), aff'd, 401 F.2d 79 (8 Cir. 1968), cert. denied, 393 U.S. 1100, 21 L.Ed.2d 792 (1969), rehearing denied, 394 U.S. 939, 89 S.Ct. 1201, 22 L.Ed.2d 474 (1969); Theriault v. Mississippi, 433 F.2d 990 (5 Cir. 1970); Theriault v. Mississippi, 390 F.2d 657 (5 Cir. 1968).