United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20315
Summary Calendar

MARIANITO T. BITARA, individually and on behalf of all
persons similarly situated,

Plaintiff-Appellant,

versus

STATE OF TEXAS,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3620
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marianito T. Bitara appeals from the district court's denial of relief pursuant to FED. R. CIV. P. 60(b) following the district court's dismissal of his complaint for failure to state a claim. Bitara has also filed a motion to strike the State's appellate brief or its motion for an extension of time to file that brief. Bitara's motion is denied.

We find no abuse of discretion in the district court's denial of Bitara's Rule 60(b) motion. See Matter of Ta Chi Navigation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). First, the State of Texas is immune from Bitara's suit under the Eleventh Amendment, see Cronen v. Texas Dep't of Human Servs., 977 F.2d 934, 937 (5th Cir. 1992); also, 42 U.S.C. § 2000d-7(a)(1) does not affect the State's Eleventh Amendment immunity in Bitara's case. Second, as Bitara does not indicate how an amendment to his complaint could have overcome the State's immunity from suit, the district court did not abuse its discretion by not allowing an amendment. See Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981). Third, the district court was not required to take judicial notice of Bitara's legal arguments, see FED. R. EVID. 201(a); neither was it required to issue findings of fact or conclusions of law. See FED. R. CIV. P. 52(a). Fourth, Bitara has failed to show that the admission of the Assistant Attorney General pro hac vice in the district court rendered the State's motion to dismiss Bitara's complaint for failure to state a claim fraudulent or invalid.

We do not consider Bitara's contention that the State's alleged failure to address some of his asserted issues on appeal constitutes a judicially binding admission entitling him to relief. As that contention is raised for the first time in Bitara's reply brief, we are not required to address it. See Wallace v. County of Comal, 400 F.3d 284, 292 (5th Cir. 2005).

Finally, Bitara accuses the district court of committing fraud on the court, argues that we should institute disciplinary

proceedings against the district court, and suggests that we are committing fraud as well. Baseless allegations against the judiciary will not be tolerated. See Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978). Bitara is warned that future baseless allegations of misconduct or future pursuit of frivolous litigation may invite the imposition of sanctions.

APPEAL DISMISSED. See 5TH CIR. R. 42.2. MOTION TO STRIKE DENIED. SANCTION WARNING IMPOSED.