**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10440
Summary Calendar

LESTER JON RUSTON

Plaintiff-Appellant

v.

DALLAS COUNTY TEXAS; JAMES K ELLIS; A JOE FISH; JAMES K WOLFSON

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1076

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lester Jon Ruston, federal civil detainee # 26834-177, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his civil action for failure to state a claim and the district court's certification that his appeal was not taken in good faith. Ruston's IFP motion is construed as a challenge of the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status if it is not taken in good faith." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* at 220 (quotation marks omitted).

Ruston does not identify any error in the district court's following determinations: (1) Judge Fish is absolutely immune from liability for monetary damages under the Texas Tort Claims Act; and (2) Ruston's allegations against the remaining defendants are conclusional. Ruston has also failed to identify any error in the district court's determination that the appeal would be frivolous. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Ruston has not adequately briefed his Freedom of Information Act claim under 5 U.S.C. § 552(a)(4)(B). *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Further, Ruston has not shown that the district court abused its discretion in not granting his motion for appointment of counsel as he has not shown that exceptional circumstances warranted the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Because Ruston's IFP motion is not directed at the district court's reasons for certification decision, he has not shown that his appeal is not frivolous and taken in good faith. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Accordingly, Ruston's IFP motion is denied and the appeal is dismissed as frivolous. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Ruston's motion and supplemental motion for expansion of the record on appeal and motion for default judgment are denied.

Ruston's brief and his motion to disqualify Judge Fish and his motion to expand the record on appeal dated January 20, 2009, contain abusive and disrespectful language. These motions are stricken. *See Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978); *see also Theriault v. Silber*, 574 F.2d 197, 197 (5th Cir. 1978). Ruston was previously warned that any future filings containing

similar abusive and disrespectful language would result in sanctions. *See United States v. Ruston*, No. 07-10433 (5th Cir. July 26, 2007). This court imposed a monetary sanction of $100 on Ruston for filing a motion containing abusive and disrespectful language in *Ruston v. Dallas County*, No. 07-10206 (5th Cir. Dec. 18, 2007); Ruston has paid this sanction. Ruston is ordered to pay a monetary sanction of $200 for repeatedly filing such motions. *See Balawajder v. Jacobs*, 220 F.3d 586, 586 (5th Cir. 2000); *Theriault*, 579 F.2d at 303. Ruston is advised that until this sanction has been paid in full, he may not file any pleadings pro se in this court. The clerk of this court should be directed to refuse to file any pro se pleadings filed by Ruston unless Ruston submits proof of satisfaction of this sanction. If Ruston attempts to file any such pro se pleadings in this court without such proof, the clerk should docket them for administrative purposes only. Any such submissions which do not show proof that the sanction has been paid should not be addressed or acknowledged. Ruston is also warned that filing any future frivolous or repetitive pro se pleadings in this court will subject him to additional sanctions, as will the failure to withdraw any such pending pro se pleadings that are frivolous.

IT IS ORDERED that the motions for leave to proceed IFP on appeal, expansion of the record and default judgment are DENIED; the motion to disqualify Judge Fish and the January 20, 2009, motion to expand the record on appeal are STRICKEN; the appeal is DISMISSED as frivolous; and a monetary sanction is IMPOSED.