# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2010

No. 09-31004
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE BARFIELD,

Plaintiff-Appellant

v.

HUNT PETROLEUM CORP.; X.H.L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-1411

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Willie Barfield, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his complaint against Hunt Petroleum Corporation and X.H.L.L.C. (collectively Hunt), seeking damages and the restoration of mineral rights derived from certain property in which he asserts ownership through the succession of his mother, Annie Barfield. The district court dismissed Barfield's complaint with prejudice for failure properly to join all of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his co-heirs and other necessary parties pursuant to Federal Rule of Civil Procedure 19 and Federal Rule of Civil Procedure 12(b)(7).

Barfield argues that the district court erred in dismissing his case at all and with prejudice. He contends that the district court erred in ordering him to join other persons because he is not a lawyer. He asserts that the district court was "in cahoots" with counsel for Hunt to disenfranchise him whose mother was murdered by a conspirator aligned with the appellee to kill his mother and to steal her property. He argues that a miscarriage of justice occurred when the district court judge conspired with the conspirators to bar him from court.

Although this court liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). The Federal Rules of Appellate Procedure require the parties to provide references to the page numbers of the record to support statements of fact. FED. R. APP. P. 28(a)(7) and (9)(A); 5TH CIR. R. 28.2.2. Rule 28(a)(9)(A) also requires the argument to contain citations to the authorities on which the appellant relies. Barfield's brief contains no record citations and no citation to relevant legal authority. Barfield states the correct issue but has not adequately briefed any argument, by reference to facts and legal authority, relating to the district court's reasons for dismissal. He merely argues that the district court should not have ordered him to comply with the Rules of Civil Procedure because he is not a lawyer. Failure by the appellant to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

This court can, in its discretion, consider a noncompliant brief and allow pro se plaintiffs to proceed when the noncompliance does not prejudice the opposing party. *Grant*, 59 F.3d at 525. However, Barfield's brief contains abusive, disparaging or contemptuous allegations that the district court was "in

2

cahoots" with appellees in a conspiracy to bar him from court. Although a pro se appellant's brief is entitled to a liberal construction, we "simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir.1978). Thus, we decline to exercise our discretion to consider Barfield's inadequate brief, and we dismiss this appeal as frivolous pursuant to 5TH CIR. R. 42.2. Barfield is warned that the filing of additional frivolous appeals and/or pleadings containing abusive, disparaging and contemptuous language will result in the imposition of sanctions. Barfield's motion for summary judgment is denied.

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTION WARNING ISSUED.