[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12834
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cv-21485-ASG

AKPANOLUO E. ETTEH,

Plaintiff,

CHUKWUMA E. AZUBUKO,

Plaintiff - Appellant,

versus

WALGREEN EASTERN CO, INC.,
MASSACHUSETTS SUFFOLK SUPERIOR COURT,
UNITED STATES COURT OF APPEALS,
Massachusetts Appeals Court,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2012)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Chukwuma E. Azubuko appeals *pro se* the district court's order denying his second motion to reconsider the denial of his Federal Rule of Civil Procedure 60(b) motion for relief from an order dismissing his *pro se* civil complaint.[1]  We affirm.

In 2004, Azubuko filed a civil complaint in the Southern District of Florida against Walgreen Eastern Company, Inc., the Massachusetts Suffolk Superior Court, and the Massachusetts Appeals Court.  On July 21, 2004 the court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction.  Over seven years later, Azubuko filed a Rule 60(b) motion for relief from the July 21, 2004 order dismissing his complaint.  The district court denied the Rule 60(b) motion as untimely, and alternatively as without merit.  Azubuko thereafter moved for reconsideration, which the district court also denied.  On April 25, 2012 Azubuko filed a second motion for reconsideration, which the district court denied on May 3, 2012 for failure to show that his first Rule 60(b) motion was timely or would have succeeded on the merits.  On May 23, 2012 Azubuko timely filed a notice of appeal indicating that he was appealing the court's order dated May 3,

---

[1] Although Akpanoluo E. Etteh is also listed as a plaintiff, Azubuko appears to be the sole appellant in this case.  To the extent that Azubuko attempts to appeal on Etteh's behalf, as a *pro se* appellant he may not do so.  *See Theriault v. Silber*, 579 F.2d 302, 302 n.1 (5th Cir. 1978) (per curiam) (noting that a *pro se* appellant who is not a member of the bar cannot perfect an appeal on behalf of another unrelated individual).

2

2012.  On appeal, Azubuko vaguely argues that his original 2004 civil complaint should not have been dismissed; he does not raise any arguments challenging the basis for the district court's May 3, 2012 order.

We review a district court's denial of a Rule 60(b) motion only for an abuse of discretion.  *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012). "That review is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Id.* (internal quotation marks omitted).  Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment. Although we liberally construe *pro se* briefs, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Here, even if liberally construed, Azubuko's brief contains no discernible challenge to the court's May 3, 2012 order denying his second motion for reconsideration.  Because the validity of the underlying July 2004 judgment dismissing his civil complaint is not within the scope of Azubuko's May 23, 2012 notice of appeal, Azubuko has therefore abandoned the only issue properly on

appeal; which is whether the district court abused its discretion in denying his second motion for reconsideration.  Accordingly, we affirm the district court's order.

**AFFIRMED.**