[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11367
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03012-SCJ


KEVIN DAVY,
MARVIN COPELAND,
RICKY DELANEY,

Plaintiffs-Appellants,

MARTHA A. MILLER,
Trustee,

Plaintiff,

versus

STAR PACKAGING CORPORATION,
EDWARD KNAPPER,
BRIAN LORD,
SETH JONES,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(April 26, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Kevin Davy, Marvin Copeland, and Ricky Delaney appeal pro se the summary judgment in favor of Star Packaging Corporation. Davy, an employee of Star, and Copeland and Delaney, former employees of Star, complained separately about disparate treatment and a hostile work environment because of their race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a); retaliation for opposing discriminatory practices, in violation of Title VII, id., and of their right to the full and equal benefit of all laws, id. § 1981; and negligent hiring and retention in violation of state law. Delaney also complained that Star retaliated against him for attempting to exercise his rights under the Family and Medical Leave Act. 29 U.S.C. § 2615. We dismiss the appeals by Copeland and Delaney for lack of jurisdiction, and we affirm the summary judgment in favor of Star and against Davy's complaint.

Copeland lacks standing to appeal. In 2009, when Copeland petitioned for bankruptcy, his claims of discrimination and retaliation became property of the

2

bankruptcy estate.  See 11 U.S.C. § 541(a); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004).  As a result, only the trustee of Copeland's estate, who the magistrate judge recognized as the real party in interest, can appeal the summary judgment against Copeland's claims.

Delaney failed to file a timely notice of appeal to invoke this Court's jurisdiction.  See Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001).  Davy filed pro se a notice of appeal ostensibly for himself, Copeland, and Delaney, but the notice was ineffective for the latter two men without their signatures.  See Fed. R. Civ. P. 11(a); Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir. 1978).  Although Copeland and Delaney filed a joint notice of appeal, they filed that notice more than 30 days after entry of the judgment they sought to appeal.  See Fed. R. Civ. P. 4(a)(1).

The district court did not err when it entered summary judgment against Davy's complaint of racial discrimination under Title VII and section 1981.  Davy failed to establish that Star treated white employees more favorably than him.  See Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  Davy argues that white employees were paid more and were disciplined less severely by Star, but the uncontroverted evidence establishes that Star hired Davy at a rate of $13 an hour to operate the Inno-Lok machine; he remained the highest compensated Inno-Lok operator; Star transferred Davy to the press machine at his request to increase his

3

pay, but he asked to return to the Inno-Lok; and both Davy and a white employee, Don Middendorf, received warning notices on the same day for failing to notice the same production error. Davy also argues that he trained white employees who were promoted over him, but the two employees identified by Davy are dissimilar in that one employee "left [and later]. . . c[a]me back to Star," and the second employee "is a press operator." Davy also argues that he was denied training on the Totani machine, but the undisputed evidence establishes that Davy called in sick during training on the Totani machine and was removed from the machine at his request. And Davy failed to establish that he suffered harassment so severe or pervasive that it altered the terms and conditions of his employment and resulted in a hostile working environment. See Jones v. UPS Ground Freight, 683 F.3d 1283, 1292 (11th Cir. 2012). Davy argues about racially-charged remarks that a vendor for Star made in his presence, but Davy testified that he never saw the vendor after he reported the incident to the executive vice president of Star. And Star established, without dispute, that it directed the vendor not to deliver his product during Davy's shift and later terminated the vendor's contract when he violated that directive. Davy also argues that he was "offen[ded]" when he overheard a joke about "rednecks" and "hillbillies," but he admits that the joke disparaged "poor whites," not African-Americans. Davy makes other arguments in support of his claims of discrimination, but arguments "not raised in the district court and

4

raised for the first time in an appeal will not be considered by this court." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

The district court also did not err when it entered summary judgment against Davy's complaint of retaliation. Davy argues that Star retaliated against him for filing a charge of discrimination by moving him to the press machine and failing to train him on the Totani machine, but neither action had a materially adverse effect on Davy. See Crawford, 529 F.3d at 973. The undisputed evidence establishes that Davy's rate of pay remained the same despite the changes in his work assignments.

We **DISMISS** the appeals by Copeland and Delaney, and we **AFFIRM** the summary judgment in favor of Star.

**DISMISSED IN PART, AFFIRMED IN PART.**