# United States Court of Appeals for the Fifth Circuit

---

No. 22-51024
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

Dmt MacTruong, *also known as* Mac Dr. Truong,

*Plaintiff—Appellant*,

*versus*

Greg Abbott, *Governor*; Dan Patrick, *Lieutenant Governor*; Dade Phelan, *Representative*; Donald J. Trump; Clarence Thomas, *Justice*; Brett M. Kavanaugh, *Justice*; Neil M. Gorusch, *Justice*; Amy Coney Barrett, *Justice*; Samuel Alito, *Justice*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-476

---

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Dmt MacTruong, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), of his civil action in which he alleged that the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51024

defendants were involved in either passing, enacting, or upholding the Texas Heartbeat Act (THA), which he contends was drafted using his copyrighted material and was unconstitutional under *Roe v. Wade*, 41 U.S. 113 (1973), which has been overturned by *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022).

Contrary to MacTruong's assertion otherwise, the district court was entitled to dismiss the action sua sponte upon a finding that the action was frivolous under § 1915(e). *See* § 1915(e)(2)(B). To the extent MacTruong contends that the district court acknowledged that the Texas legislation was unconstitutional when it denied his complaint without prejudice, this argument is not supported by the record and does not present a nonfrivolous issue for appeal. *See, e.g.*, *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010).

MacTruong argues that the THA is unconstitutional and violates federal law, that *Dobbs* was wrongly decided and does not overrule *Roe*, and that he has standing to sue based on the unconstitutionality of the THA because (1) the State of Texas is not a defendant; (2) the Constitution does not forbid a United States citizen from suing another United States citizen for the alleged violation of federal laws; (3) the required injury need not be physical and may be physical or emotional; and (4) because he and/or his grandchildren would have the legal duty to fight in a civil war regarding the Texas anti-abortion legislation. However, he has not raised a nonfrivolous issue for appeal because he fails to allege that he, as a man who admittedly resides in New Jersey, has any personal stake in the outcome of the legislation. *See Diamond v. Charles*, 476 U.S. 54, 66-67 (1996). He also argues that the district court had jurisdiction over his claims regarding the constitutionality of the THA because the federal court had jurisdiction over his inextricably intertwined copyright claim under 17 U.S.C. § 102. However, he provides no indication, beyond his unsupported assertions, how

No. 22-51024

such pendent jurisdiction would have been proper. *See Pickett v. Texas Tech Univ. Health Sciences Ctr.*, 37 F.4th 1013, 1027 (5th Cir. 2022). Although he additionally argues that the district court erred in dismissing his copyright claims and challenges the district court's determination that his copyright claims are fantastical and completely lacking merit, these claims are so obviously devoid of merit that they do not involve a federal controversy, and thus the federal courts lack jurisdiction to consider them. *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006-07 (5th Cir. 2019). MacTruong has not provided any specific facts or arguments challenging the district court's determinations that each of the defendants had immunity from his civil claims, and thus he has abandoned any challenge to these determinations. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, MacTruong fails to raise a nonfrivolous argument challenging the district court's dismissal of his complaint. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

In his filings in this court, MacTruong refers to the defendants, including the five named Supreme Court Justices, as murderers, misogynists, racists, and criminals; he asserts that the five named Supreme Court Justices, in particular, are traitors, cheaters, and mass sex abusers who have committed perjury and treason and who "deserve the death penalty or at least to be disbenched"; and he labels the district court as misogynist and criminal and asserts that the court has an "anti-American attitude." We will not allow liberal pleading rules and pro se practice to be a vehicle for presenting documents that are abusive. *See Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). Accordingly, MacTruong is WARNED that future

No. 22-51024

filings containing abusive, disparaging, or contemptuous language will result in the imposition of sanctions. *See id.*