FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

CONRAD J. CZAJKOWSKI,

    Plaintiff - Appellant,

v.

K. RICHARDSON,

    Defendant - Appellee.

No. 24-1064
(D.C. No. 1:23-CV-02240-SBP)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Conrad J. Czajkowski appeals the district court's dismissal with prejudice of his pro se action as a sanction for his abusive and malicious conduct in making repeated death threats against a magistrate judge and the defendant. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous, impose a strike under 28 U.S.C. § 1915(g), deny Mr. Czajkowski's motion to proceed on

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal without prepayment of fees and costs, and direct him to pay the filing fee in full immediately.

## I.     Background

Mr. Czajkowski is a pretrial detainee.  While incarcerated in the El Paso County Criminal Justice Center, he filed a pro se complaint against a deputy and the county sheriff alleging claims under 42 U.S.C. § 1983 stemming from alleged harassment by the deputy.  He sought damages as well as an injunction against the deputy.  Mr. Czajkowski stated in his complaint that he feared that if he had another incident with the deputy, "I will end up killing [him]" and that without an immediate injunction the deputy "will die."  R. at 9.

After granting Mr. Czajkowski's motion under 28 U.S.C. § 1915 to proceed without prepaying the filing fee, a magistrate judge ordered him to file an amended complaint within 30 days.  The magistrate judge explained in the order why his allegations were legally insufficient.  Mr. Czajkowski filed an amended complaint naming only the deputy as a defendant.  He continued to threaten that, absent an injunction, he would kill the deputy, and he reported threatening the deputy at the jail.  He also sent two letters to the district court in which he threatened to kill the deputy.  The magistrate judge ordered Mr. Czajkowski to file a second and final amended complaint within 30 days, once again explaining the deficiencies in his amended complaint.  Mr. Czajkowski then sent two more letters to the court containing death threats against the deputy and asserting that the magistrate judge

2

had "become a 'credible' and 'deadly' threat to [his] <u>life</u>!" and that "sanctions will be imposed upon [the magistrate judge] also." Suppl. R. at 53.

The magistrate judge entered the following order:

> Plaintiff has filed several Letters which contain profane and abusive language. The clerk of the court is directed to strike these Letters from the electronic docket. **Plaintiff is warned that any further threatening, profane, or abusive filings will result in the dismissal of this action as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).**

R. at 2 (citations to record omitted). After filing a second amended complaint, Mr. Czajkowski sent two more letters to the district court in which he repeated his threat to kill the deputy, used indecent language in describing the magistrate judge, and threatened to kill the magistrate judge.

The district court sua sponte dismissed Mr. Czajkowski's action "with prejudice as a sanction for [his] abusive and malicious conduct in making repeated death threats against" the magistrate judge and the deputy. R. at 29. The court first pointed to its "inherent power to supervise and control its own proceedings and 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* at 31 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). It concluded that this inherent power extends "'to impos[ing] order, respect, decorum, silence, and compliance with lawful mandates.'" *Id.* (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005)). The court also cited 28 U.S.C. § 1651(a), which allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

3

The district court further noted this court's holding in *Garrett*, 425 F.3d at 840, 841, that an appellant forfeited his right to review based upon "the scurrilous tone" of his briefs, which did "little more than attempt to impugn (without basis) the integrity of the district judge." [R. at 32] We said that "[s]uch writings are intolerable, and we will not tolerate them." *Id.* at 841; *see also Theriault v. Silber*, 579 F.2d 302, 302-04 (5th Cir. 1978) (dismissing appeal with prejudice where appellant's filings "contained vile and insulting references to the trial judge" and stating the court would "not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents"). The court also cited cases in which federal courts have approved of dismissing actions with prejudice when the plaintiffs make threats against judges or witnesses. *See, e.g.*, *Hughes v. Varga*, No. 21-1215, 2021 WL 3028145, at *1-2 (7th Cir. July 19, 2021) (affirming dismissal with prejudice where plaintiff threatened a federal judge and his family in a letter to the court, holding that such "horrific behavior easily supports dismissal with prejudice as a sanction" because "threats against judges warrant the strongest possible litigation sanction"); *Frumkin v. Mayo Clinic*, 965 F.2d 620, 621, 627 (8th Cir. 1992) (stating as to the plaintiff's death threats against witnesses that "[w]e have no doubt that [his] misconduct was so serious that, had the district court chosen to dismiss this case, we would have found it difficult to reverse").

Finally, noting that Mr. Czajkowski had been granted leave under § 1915 to proceed in this action without prepaying the filing fee, the district court concluded that his second amended complaint and his action should be dismissed as malicious

under § 1915(e)(2)(B)(i).  The district court further held that although

Mr. Czajkowski's actions had not prejudiced the defendant, the other four factors in

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), weighed in favor of

dismissal with prejudice, so dismissal was appropriate.

## II.    Discussion

We review the district court's dismissal of Mr. Czajkowski's action for an

abuse of discretion.  *See United States v. Akers*, 76 F.4th 982, 991 (10th Cir. 2023)

(exercise of inherent power to sanction); *Tripati v. Beaman*, 878 F.2d 351, 352, 354

(10th Cir. 1989) (exercise of power under § 1651(a)); *Conkle v. Potter*, 352 F.3d

1333, 1335 n.4 (10th Cir. 2003) (dismissal under 1915(e)(2)(B)(i)).  While "outright

dismissal of a lawsuit . . . is a particularly severe sanction, [it] is within the court's

discretion."  *Chambers*, 501 U.S. at 45.  "A district court abuses its discretion when it

(1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all,

(2) commits an error of law, such as applying an incorrect legal standard or

misapplying the correct legal standard, or (3) relies on clearly erroneous factual

findings."  *Akers*, 76 F.4th at 991 (internal quotation marks omitted); *see also Burke

v. Regalado*, 935 F.3d 960, 1011 (10th Cir. 2019) ("A district court abuses its

discretion when it renders an arbitrary, capricious, whimsical, or manifestly

unreasonable judgment." (internal quotation marks omitted)).  Because

Mr. Czajkowski proceeds pro se, we construe his filings liberally but we do not act as

his advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Mr. Czajkowski devotes most of his appeal brief to chronicling and asserting the merits of his underlying claims against the deputy. He does not argue that dismissal is an inappropriate sanction for making threats against a magistrate judge and another party. Nor does he address, much less challenge, any of the multiple authorities the district court relied on.

Moreover, Mr. Czajkowski's appeal brief acknowledges the basis for the dismissal in two instances. He first states that he "got extremely angry at" the magistrate judge and that he "[d]idn't know [his] 1st Amendment right had been squashed." Aplt. Br. at 6. To the extent he asserts that the dismissal of his complaint based upon his threats against the magistrate judge and the deputy violated his right to freedom of speech, he does not develop such an argument. In any event, the contention would have no merit because "[t]rue threats of violence are outside the bounds of First Amendment protection." *Counterman v. Colorado*, 600 U.S. 66, 69 (2023). "True threats are serious expressions conveying that a speaker means to commit an act of unlawful violence." *Id.* at 74 (brackets and internal quotation marks omitted). Mr. Czajkowski does not assert that his threats were simply jests or hyperbole. *See id.* (citing the example of "I am going to kill you for showing up late." (internal quotation marks omitted)). Nor does he claim he was not "aware that others could regard his statements as threatening violence." *Id.* at 79 (internal quotation marks omitted).

Mr. Czajkowski also asserts that he "only 'threatened' [the magistrate judge] because she was usurping her 'perceived judicial power[']' and not responding to [his]

6

'imminent danger' claim." Aplt. Br. at 6. He further states that, "[a]t 64 years of age I don't tolerate evil from anyone in any form including a 'public servant' such as [the magistrate judge]. I just don't care!" *Id.* We are certain that no federal court would hold that a death threat can be justified on such grounds.

## III.    Conclusion

As a pretrial detainee, Mr. Czajkowski is subject to the Prison Litigation Reform Act. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Because Mr. Czajkowski asserts no nonfrivolous argument challenging the district court's dismissal of his action with prejudice as a sanction for his abusive and malicious conduct in making repeated death threats against a magistrate judge and the defendant, we dismiss his appeal as frivolous under § 1915(e)(2)(B)(i) and apply a strike under § 1915(g). We deny his motion under § 1915 to proceed on appeal without prepayment of fees and costs and direct him to pay the filing fee in full immediately.

Entered for the Court

Per Curiam