# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2010

No. 09-11057
Summary Calendar

Lyle W. Cayce
Clerk

HARMON LUTHER TAYLOR, an American national and a Texas national,

Plaintiff-Appellant

v.

BARBARA HALE, Individually and as Judge, County Court at Law; DAVID P
WEEKS, Individually and as District Attorney, Walker County; JOHN GAINES,
Individually and as Judge, Municipal Court; CITY OF HUNTSVILLE TEXAS,
A municipal corporation; WALKER COUNTY TEXAS, A municipal corporation;
STATE OF TEXAS, a federal corporation,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1634

Before KING, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Harmon Luther Taylor (Taylor) appeals the district court's order
dismissing his civil rights complaint pursuant to Federal Rule of Civil Procedure
12(b)(6). FED. R. CIV. P. 12(b)(6). Taylor sued the defendants after receiving a
traffic citation for driving without a license. Our review is de novo. *See True v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Robles*, 571 F.3d 412, 417 (5th Cir. 2009). Accepting all well-pleaded facts as true and viewing those facts in favor of the plaintiff, we must determine whether the plaintiff has stated a legally cognizable claim. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We may affirm dismissal on any basis supported by the Rule 12(b)(6) record. *See R2 Inv. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). Taylor's failure to brief his arguments is a valid basis for affirming the dismissal of his complaint. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). However, we also find that Taylor has failed to set forth a legally cognizable claim against the defendants. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009); *Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir. 1996). Further, with respect to Taylor's assertions regarding the magistrate judge and district court, we caution Taylor that any future filing containing abusive, disparaging and contemptuous language will result in the imposition of sanctions. *See Theriault v. Silber*, 579 F.2d 302, 303–04 (5th Cir. 1978).

AFFIRMED; SANCTION WARNING ISSUED.