# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2019

Lyle W. Cayce
Clerk

HARMON L. TAYLOR,

Plaintiff-Appellant

v.

CITY OF SHERMAN, a Municipal Corporation; BRANDON SHELBY, City Attorney, officially and individually; CODY SHOOK, Police Officer, officially and individually; ASSISTING OFFICER, FNU LNU, Police Officer, officially and individually; ZACHARY FLORES, Chief of Police, officially; BOB UTTER TOWING, Driver; BOB UTTER TOWING, Driver's Assistant; MIDWAY STORAGE FACILITY; WHITNEY BREWSTER, Executive Director, Texas Department of Motor Vehicles, officially and individually,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-488

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Harmon L. Taylor, proceeding pro se, appeals the district court's sua sponte dismissal without prejudice of his federal civil rights suit pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40272

Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to obey the court's orders.  We review for abuse of discretion.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

Despite receiving notice of his obligations under court orders, Taylor failed to participate in an ordered Federal Rule of Civil Procedure 26(f) attorney conference, failed to appear at the January 19, 2018 Federal Rule of Civil Procedure 16 management conference, and failed to appear at the subsequent February 1, 2018 show cause hearing as ordered.  Taylor's refusal to participate in the case was based on his incorrect belief that the referral to the magistrate judge (MJ) for pretrial proceedings was unlawful without his consent.  We have held that a litigant's consent is not required prior to referral before a MJ where, as here, "the ultimate decision-making authority [is] retained by the district court."  *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).  Dismissal for failure to prosecute and comply with court orders under these facts was not an abuse of discretion.  *See* FED. R. CIV. P. 41(b); *McCullough*, 835 F.2d at 1127.

Appellees City of Sherman, Bob Utter Towing, and Midway Storage Facility contend that they are entitled to recover costs and attorney's fees against Taylor in light of our previous sanction warning against Taylor in *Taylor v. Hyde*, 396 F. App'x 116, 117 (5th Cir. 2010).  These appellees fail to show entitlement to compensatory sanctions.  *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 639 (5th Cir. 2008).

However, Taylor's brief does contain numerous instances of inflammatory and derogatory language directed toward law enforcement in general and the United States District Court for the Eastern District of Texas and its judges in particular, in violation of our prior order.  While a pro se litigant's pleadings are entitled to liberal construction, we "simply will not

2

No. 18-40272

allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978).

Accordingly, sanctions are imposed against Taylor in the amount of $500, payable to the Clerk of this court. *See Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988). Taylor is barred from filing any pro se civil appeal in this court or any pro se initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court, until the sanction is paid in full. *See id.* Taylor is also cautioned that any future filings containing abusive, disparaging and contemptuous language may result in the imposition of further sanctions, including further restrictions on his ability to file appeals or pleadings in this court or in any court which is subject to this court's jurisdiction.

AFFIRMED; SANCTIONS IMPOSED.